139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellant,
v.
Daniel C. MASTERS; Linda F. Masters; Bradley D. Zilke;
Kimberly A. Zilke, Defendants-Appellees.
 No. 96-50163.
D.C. No. CR-93-00242-LCN.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Feb. 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California Leland C. Nielsen, District Judge, Presiding.
 Before PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the facts, we recite them here only to the extent necessary to discuss the issues.
 
 
 3
 The United States appeals the district court's dismissal of a criminal indictment charging Daniel Masters, Linda Masters, Bradley Zilke and Kimberly Zilke with a complex securities fraud conspiracy. The district court dismissed the indictment on the ground that the passage of time between the defendants' indictment and their arrests violated their Sixth Amendment right to a speedy trial. We affirm.
 
 
 4
 Appellees' Sixth Amendment right to a speedy trial were violated because the government's negligence in arresting them caused them actual prejudice. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). Under Barker, a speedy trial violation is based on: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. See id. at 530.
 
 
 5
 It is undisputed that the length of delay was thirty months and that Appellees asserted their rights. Although the government contests the reason for the delay, the record clearly establishes that the government was responsible for the delay. Thus, the only question remaining is whether appellees suffered prejudice as a result of the delay.
 
 
 6
 The district court's finding that the thirty-month delay caused Appellees actual prejudice by hampering their ability to put on a defense is adequately supported in the record.[1] The pretrial delay of thirty months severely hampered Appellees' ability to find relevant documents as well as to produce witnesses. Although a thirty-month delay diminishes any party's ability to put on a case, this is particularly true in a case of this type (complex securities fraud), where witnesses and documents are likely to be voluminous. This notion is bolstered by the government's contention that much of the thirty-month delay was due to the difficulty the government had in securing thirty-two first-person affidavits.
 
 
 7
 Because the record supports the district court's finding of actual prejudice, the district court's order dismissing the indictments against Appellees is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court correctly found that the government was negligent in its arrest of appellees. Once this negligence has been established, "prejudice will be presumed and its weight in defendant's favor will depend on the length of the delay." United States v. Aguirre, 994 F.2d 1454, 1456 (9th Cir.1993). In other words, the length of the delay might serve to create a presumption of prejudice, but it does not necessarily do so. Having found actual prejudice, however, we need not determine whether the "presumptive prejudice" doctrine applies. See Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)